# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KRISTIE GRUNTORAD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 7:04CV5026 |
| vs. ) | |
| ) | ORDER |
| **NEBRASKA PUBLIC POWER** ) | |
| **DISTRICT,** ) | |
| ) | |
| **Defendant.** ) | |

  This matter is before the court on defendant's MOTION TO COMPEL answers to interrogatories (Filing 34). Defendant has complied with the requirements of NECivR 7.1(i). The court has not received any response in opposition to the motion to compel.

  Also pending is the defendant's MOTION TO AMEND PROGRESSION ORDER (Filing 36) requesting an extension of the June 23, 2006 deadline for serving pretrial disclosures due to plaintiff's failure to provide discovery.

  The record shows that defendant served interrogatories on May 19, 2005. To date, the plaintiff has not served any responses. The court finds that, by failing to timely respond, plaintiff has waived all objections to the interrogatories and that the Motion to Compel should be granted.

  Fed. R. Civ. P. 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, a party may not avoid sanctions merely by serving responses after a motion to compel has been filed. *See Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)). Plaintiff will be given until July 20, 2006 to show cause for her non-disclosure by filing a Response to this order.

The final pretrial conference in this matter is scheduled for July 31 and trial will commence on August 7, 2006. I find that the parties should be given until July 24, 2006 to serve pretrial disclosures as described in paragraph 3 of the FINAL PROGRESSION ORDER (Filing 13).

**IT IS ORDERED:**

1. Defendant's MOTION TO COMPEL (Filing 34) is granted, as follows:

    a. Plaintiff has waived all objections to defendant's Interrogatories.

    b. Plaintiff is given until the close of business on **July 10, 2006** to provide complete responses to all of defendant's interrogatories and to file a certificate of service for the response pursuant to NECivR 34.1(b). The responses must be signed and must, in all respects, comply with the requirements of Fed. R. Civ. P. 33 and 34.

    c. Plaintiff is given until **July 20, 2006**, to file a Response to this order, showing cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

2. Defendant's MOTION TO AMEND PROGRESSION ORDER (Filing 36) is granted. The parties are given an extension of time until Monday, **July 24, 2006** to serve pretrial disclosures as described in paragraph 3 of the FINAL PROGRESSION ORDER (Filing 13)

**DATED July 6, 2006.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**